KAREN NELSON MOORE, Circuit Judge,
concurring.
I concur in the majority opinion and write separately only to raise a concern over the propriety of the initial traffic stop in this case, an argument that Lurry does not make. Lurry was stopped solely because an automatic license-plate reader indicated that the address on the female owner’s vehicle registration matched the address on a black male’s outstanding arrest warrant for driving on a suspended license. I do not see how that information even remotely suggests that a warrant existed for a current “occupant” of the pursued vehicle because that information suggests nothing about who is currently occupying the vehicle. Just because a black male with a warrant at one point lived at an address where a female’s vehicle is now registered is no reason to think that the present driver of the female’s vehicle, who happens to be a black male, is likely that same individual. This case offers yet another example of why automatic license-plate readers warrant further attention under the Fourth Amendment, a position I raised in greater detail in my dissent in United States v. Ellison, 462 F.3d 557, 566-71 (6th Cir.) (Moore, J., dissenting), cert, denied, 552 *256 U.S. 947, 128 S.Ct. 374, 169 L.Ed.2d 258 (2007). However, because Lurry has not raised this argument, I concur in this case.